UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BILLIE CHRISTOPHER HENDERSON                CIVIL ACTION

VERSUS                                       NO. 18-7683

32ND JUDICIAL DISTRICT OF                    SECTION: "R"(3)
TERREBONNE PARISH, ET AL.

## REPORT AND RECOMMENDATION

Plaintiff, Billie Christopher Henderson, a state pretrial detainee, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983.[1] He named two defendants: the Louisiana Thirty-Second Judicial District Court for Terrebonne Parish and the Terrebonne Parish Criminal Justice Complex. In this lawsuit, he claimed that he was denied adequate medical attention at the jail.

On August 16, 2018, the undersigned United States Magistrate Judge notified plaintiff that neither the Louisiana Thirty-Second Judicial District Court for Terrebonne Parish nor the Terrebonne Parish Criminal Justice Complex was a proper defendant in a § 1983 action. Accordingly, the Court ordered plaintiff to file an amended complaint to name a proper defendant

---

[1] In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

or defendants on or before September 17, 2018. Plaintiff was expressly warned that if he failed to file an amended complaint as ordered, the undersigned would recommend that this lawsuit be dismissed.[2] Plaintiff did not respond to that order in any way, and, to date, no amended complaint has been filed. Accordingly, for the following reasons, it is now recommended that this civil action be dismissed.

With respect to actions filed *in forma pauperis*, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Federal law also mandates that federal courts screen cases, such as the instant one, "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[3] Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)  seeks monetary relief from a defendant who is immune from such relief.

---

[2] Rec. Doc. 3.
[3] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[4] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim upon which relief may be granted.

As noted, the only defendants plaintiff named in this lawsuit are the Louisiana Thirty-Second Judicial District Court and the Terrebonne Parish Criminal Justice Complex. However, a state court is not a "person" or a juridical entity capable of being sued under § 1983. Moity v. Louisiana State Bar Association, 414 F. Supp. 180, 182 (E.D. La.) ("[S]tate courts are not

---

[4] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

considered 'persons' within the meaning of § 1983."), aff'd, 537 F.2d 1141 (5th Cir. 1976); Thompson v. St. Bernard Parish Court, Civ. Action No. 09-4465, 2010 WL 110797, at *3 (E.D. La. Jan. 11, 2010); Stewart v. Criminal District Court of Louisiana, Civ. Action No. 08-3731, 2008 WL 4758610, at *2 (E.D. La. Oct. 30, 2008); Knight v. Guste, Civ. Action No. 07-1124, 2007 WL 1248039, at *3 (E.D. La. Apr. 27, 2007).[5] Additionally, "[t]he Terrebonne Parish Criminal Justice Complex simply is not a proper defendant under any circumstances. A jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." Coleman v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 13-4325, 2013 WL 6004051, at *5 (E.D. La. Nov. 13, 2013) (quotation marks and brackets omitted); accord Authement v. Terrebonne Parish Sheriff's Office, Civ. Action No. 09-5837, 2009 WL 4782368, at *4 (E.D. La. Dec. 3, 2009); Bland v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 09-4407, 2009 WL 3486449, at *3 (E.D. La. Oct. 23, 2009).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim upon which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[5] Moreover, the Eleventh Amendment also bars § 1983 claims against a state court. Jefferson v. Louisiana State Supreme Court, No. 01-31275, 2002 WL 1973897 (5th Cir. Aug. 9, 2002); Southern Christian Leadership Conference v. Supreme Court of State of Louisiana, 252 F.3d 781, 782 n.2 (5th Cir. 2001); Landers Seed Co., Inc. v. Champaign National Bank, 15 F.3d 729, 731-32 (7th Cir. 1994); Clark v. Clark, 984 F.2d 272, 273 (8th Cir. 1993); Wilkerson v. 17th Judicial District Court, Civ. Action No. 08-1196, 2009 WL 249737, at *3-4 (E.D. La. Jan. 30, 2009); Rackley v. Louisiana, Civ. Action No. 07-504, 2007 WL 1792524, at *3 (E.D. La. June 21, 2007).

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this second day of November, 2018.

*Daniel E. Knowles, III*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**